UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JORGE ESPINOSA, on behalf of himself
and others similarly situated

    Plaintiff,

v.

PCH Communications, LLC d/b/a Commonground/MGS,
a limited liability company formed in the State of Delaware,
with its principal place of business in Atlanta, Georgia

    Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff Jorge Espinosa, on behalf of himself and others similarly situated, by and through undersigned counsel, and for his complaint against Defendant PCH Communications, LLC d/b/a Commonground/MGS, LLC ("Commonground") alleges as follows:

## NATURE OF THE ACTION

1. This action arises from Commonground's decision to terminate substantially its entire workforce without a single day's notice.

2. Commonground operated a nationwide advertising/communications firm, with offices in Miami, New York, Chicago and other cities.

3. Commonground, through its workforce, provided a variety of advertising and communications services to its clientele.

4. On December 5, 2015, via a letter emailed to the workforce, PCH Communications, LLC ("PCH"), using its actual name, as opposed to its fictitious name, informed the Commonground employees that they were being terminated immediately. (A true and correct copy of the letter is appended hereto as Exhibit 1.)

5. Plaintiff brings this class action, individually and on behalf of more than 100 other similarly situated former employees of Commonground, whose employment was terminated commencing on or about December 5, 2015 as part of or as the reasonably expected consequence of the mass layoff ordered by PCH and/or Commonground on December 5, 2015. This mass layoff was a violation of the rights of the Plaintiff, and others similarly situated, to receive 60 days' advance notice of their respective termination under the Worker Adjustment and Retraining Notification Act 29 U.S.C.§2101 et seq. ("WARN Act").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334, and 1367.

7. The violation of the WARN Act alleged herein occurred in this District. Venue is proper pursuant to 28 U.S.C. § 1409(a) and 29 U.S.C. §2104(a) (5).

## **THE PARTIES**

8. Commonground is a Delaware limited liability company with a principal place of business in Atlanta, Georgia, and with offices in Miami, New York, Chicago and other cities across the United States.

9. Within 90 days of December 5, 2015, over 50 employees worked fulltime out of the Miami, Florida office.

10. All of the offices reported to the Commonground principal office, located in Atlanta, Georgia.

11. Within 30 days of December 5, 2015, over 50 employees worked fulltime out of the Miami, Florida office.

12. Within 30 days of December 5, 2015, over 50 employees worked fulltime out of the Chicago, Illinois office.

13. Within 30 days of December 5, 2015, over 50 employees worked fulltime out of the New York, New York office.

14. Plaintiff, Espinosa is a resident of Miami-Dade County, Florida.

15. Plaintiff, Espinosa held the title of "Managing Partner" for the Miami office of Commonground prior to his termination on December 5, 2015.

16. Plaintiff, Espinosa brings this action on his own and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. §2104(a)(5),

on behalf of more than 100 other employees who were also employed at Commonground, and were terminated without cause on or about December 5, 2015 as part of or as the reasonably expected consequence of the mass layoff that Commonground ordered (collectively, the "Class").

## CLAIM FOR RELIEF

17. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs.

18. The Plaintiff and Members of the Class were employed by Commonground.

19. On December 5, 2015, Commonground terminated Espinosa and the members of the Class without cause or notice.

20. As explained by the Department of Labor in 20 CFR 639.1(a), the purpose of the Warn Act is to provide notice to employees so the employees can effectively transition from one job to another:

> Purpose of WARN. The Worker Adjustment and Retraining Notification Act (WARN or the Act) provides protection to workers, their families and communities by requiring employers to provide notification 60 calendar days in advance of plant closings and mass layoffs. Advance notice provides workers and their families some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market. WARN also provides for notice to State dislocated worker units so that dislocated worker assistance can be promptly provided.

21. Even in circumstances in which application of the WARN Act is unclear, the Department of Labor has advised employers to give advance notice before terminating employees. Indeed, in 20 CFR 639.1(e), the Department of Labor stated that it "encourages employers to give notice in all circumstances."

22. The WARN Act is remedial and is intended to be broadly construed.

23. Commonground violated the requirements of the WARN Act and the Department of Labor's regulations by failing to give any advance notice of the mass layoff to its employees.

24. Upon information and belief, more than 100 other employees who worked at Commonground were terminated as part of or as the reasonably foreseeable result of the mass layoff that occurred on December 5, 2015.

25. At all relevant times, Commonground employed 100 or more employees, exclusive of part-time employees (i.e., those employees who had worked fewer than six of the twelve months prior to the date notice was required or employees who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required (the "Part-Time Employees")).

26. At all relevant times, Commonground also employed at least 100 employees who in the aggregate worked at least 4,000 hours per week (exclusive of overtime) within the United States.

27. On December 5, 2015, Commonground ordered the mass layoff.

28. On December 5, 2015, Commonground terminated at least 50 employees (excluding Part-Time Employees) who worked at and were assigned work from its Miami office.

29. The terminations on December 5, 2015 resulted in the loss of employment for at least 33% of the employees who worked at, were assigned work from, or reported to its Miami office (excluding Part-Time Employees).

30. The Plaintiff and each of the Class members experienced employment loss as part of or as the reasonably expected consequence of the mass layoff ordered by Commonground.

31. Prior to their terminations, Plaintiff and the Class members did not receive written notice at least 60 days in advance of the termination of their employment.

32. Upon information and belief, each of the other Class members is similarly situation to the Plaintiff with respect to his or her rights under the WARN Act.

33. The Plaintiff and the other Class members constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

34. Common questions of law and fact are applicable to all members of the Class:

   a. All Class members enjoyed the protection of the WARN Act;

   b. All Class members worked at, were assigned work from, or reported to its Headquarters in Atlanta, Georgia;

   c. All Class members were terminated by Commonground on December 5, 2015.

    d. All Class members were terminated by Commonground without cause;

    e. All Class members were terminated without receiving 60 days' prior written notice as required by the WARN Act;

    f. Commonground failed to pay wages and other benefits for a 60-day period following the Class members' terminations;

    g. Upon information and belief, any affirmative defenses that may be asserted by Commonground will be similar with respect to all Class members.

35. The Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the acts of Commonground described above, the Plaintiff and the other Clas5 members are injured parties with respect to their rights under the WARN Act.

36. The Plaintiff will fairly and adequately protect and represent the interest of the Class.

37. The Plaintiff has the time and resources to prosecute this action.

38. The Plaintiff has retained undersigned counsel, who have extensive experience litigating a variety of claims including class and collective actions.

39. The Class is so numerous as to render joinder of all members impracticable in that there are more than 100 members in the Class.

40. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

43. No litigation concerning the WARN Act rights of any Class member has been commenced.

44. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

45. Upon information and belief, the identity of the Class members is contained in Commonground's books and records.

46. Upon information and belief, a recent residential address of each of the Class members is contained in Commonground's books and records.

47. Upon information and belief, the rate of pay and benefits that were being paid by Commonground to each Class member at the time of his or her termination are contained in Commonground's books and records.

48. Commonground failed to compensate the Plaintiffs and the other Class members for the Commonground's violation of the Warn Act in an amount equal to the sum of their wages, salary, commissions and bonuses, the cost of health and pension benefits, pay

for personal days, vacation pay, severance pay, and other fringe benefits for a period of 60 days.

49.     As a result of Commonground's violation of the WARN Act, each Class member is entitled to recover an amount equal to the sum of his or her respective wages, salary, commissions and bonuses, the cost of health and pension benefits, pay for personal days, accrued vacation pay, severance pay, and other fringe benefits for a period of 60 days.

WHEREFORE, Plaintiffs respectfully request that judgment be granted against Commonground as follows:

a. Damages in favor of the Plaintiff and each Class member equal to the sum of their respective wages, salary, commissions, and bonuses, the cost of health and pension benefits, pay for personal days, accrued vacation pay, severance pay, and other fringe benefits for a period of 60 days

b. Certification that the Plaintiffs and the other Class members constitute a single class;

c. Appointment of the Plaintiffs as the Class Representative;

d. Appointment of the undersigned counsel as Class Counsel;

e. Such other and further relief as this Court may deem just and proper.

DATED:   December 11, 2015

      Respectfully submitted,

      */s/ Brian W. Chaiken*
      Brian W. Chaiken (118060)
      bchaiken@pbyalaw.com
      D. Porpoise Evans (576883)
      pevans@pbyalaw.com
      PERLMAN, BAJANDAS, YEVOLI &
      ALBRIGHT, P.L.
      283 Catalonia Ave., 2nd Floor
      Coral Gables, FL 33134
      Telephone: (305)377.0086
      Facsimile: (305)377.0181
      Attorneys for Plaintiff