UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-24561-CIV-WILLIAMS

JORGE ESPINOSA, *et al.*

      Plaintiffs,

vs.

PCH COMMUNICATIONS, LLC d/b/a
Commonground/MGS, *et al.*

      Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant PCH Holdings Group, LLC's ("Holdings") motion to dismiss. (DE 50; Response DE 57; Reply DE 63). Plaintiffs Jorge Espinosa and Bridget Botchway Bradley named Holdings as a Defendant in a suit alleging violations of the Worker Adjustment and Retraining Notification Act (the "WARN Act"), 29 U.S.C. § 2101 *et seq.*, and the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b). For the reasons below, the motion (DE 50) is **GRANTED**.

## I.    BACKGROUND

Espinosa was the Managing Partner of Defendant PCH Communications LLC's ("Communications") Miami office (DE 20 ¶ 21) and Bradley was employed at Communications' Chicago office when, on December 5, 2015, Communications "via a letter emailed to the workforce . . . informed the [Communications] employees that they were being terminated immediately." (DE 20 ¶ 4; *see also* DE 20-1). Six days later, on December 11, 2015, Espinosa sued Communications for violating the WARN Act's provisions requiring that employers provide cause or notice before terminating

employees. (DE 1). Three months after that, on March 4, 2016, Espinosa and Bradley filed the operative First Amended Complaint ("FAC"). (DE 20). The FAC named five new Defendants (Holdings, Sherman Wright, Ahmad Islam, Jason Lajoie, and David Panton) and added a new claim for unpaid wages pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b). Although the FAC named Holdings as a Defendant, it did not define or describe Holdings or make any allegations against Holdings or "Panton Equity Partners," the name under which Holdings does business according to the FAC's case caption. Instead, the FAC made allegations about an entity known as either "Panton Equity" or "Panton Capital Holdings."[1]

On May 27, 2016, Communications notified the Court (DE 52) of an involuntary petition of Chapter 7 bankruptcy filed against it in the United States Bankruptcy Court for the Southern District of Florida,[2] leading the Court to enter an order on June 2, 2016 staying this case against Communications pursuant to 11 U.S.C. § 362(a). (DE 56). Following a status conference held on June 9, 2016, Plaintiffs voluntarily dismissed Defendants Wright, Islam, Lajoie, and Panton on July 11, 2016 (DE 68)—leaving

---

[1] According to the FAC, "Panton Equity," which is also known as "Panton Capital Holdings" (DE 20 ¶ 30), is a "Private Equity Group that makes control equity investments in businesses" (DE 20 ¶ 26); that in October 2014, Panton Equity "formed [Communications] in order to bring together several previously independent advertising companies under one corporate umbrella" (DE 20 ¶ 29); and that in 2015, Panton Equity "owned a controlling share" in Communications (DE 20 ¶ 31) and exercised "de facto control" over Communications (DE 20 ¶ 34) through the presence of its "principals and officers" on the "Board of Managers of [Communications]" (DE 20 ¶ 32). Further, Communications "was dependent on Panton Equity and was financially backed by Panton Equity from the outset and needed funding provided or arranged for by Panton Equity to continue its operations." (DE 20 ¶ 35).[1]

[2] Case No. 16-17186-LMI (Bankr. S.D. Fla.)

Holdings, which had moved to dismiss the FAC on May 16, 2016, as the only remaining Defendant.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's consideration is limited to the allegations presented. *See GSW, Inc. v. Long Cty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Nevertheless, while a plaintiff need not provide "detailed factual allegations," the allegations must consist of more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Additionally, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'" *U.S. ex rel. Keeler v. Eisai, Inc.*, 568 F. App'x 783, 792-93 (11th Cir. 2014) (*quoting Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)). The "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

Additionally, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a) is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what

3

he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J, dissenting)). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives fair notice to each defendant." *Ramos v. Cty. of Miami Dade*, No. 12-21888-CIV, 2012 WL 3962436, at *3 (S.D. Fla. Sept. 10, 2012) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)). "Indeed, a complaint that lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct fails to satisfy Rule 8." *Id.* (alterations in original) (quotation marks and citations omitted).

## III.   DISCUSSION

The Court grants Holdings' motion because the FAC does not make clear which claims and allegations are directed towards Holdings—or, for that matter, Communications. Even assuming as Plaintiffs now contend (DE 57 at 1) that the FAC's references to "Panton Equity" are actually references to Holdings, the FAC does not meet the requirements of Rules 8(a) or 12(b)(6). For example, Count I, brought pursuant to the WARN Act, is plead against "PCH." But at different points in the FAC and the litigation, Plaintiffs have used "PCH" to refer to Communications (DE 20 ¶ 4), Holdings (DE 20 at 1; DE 57 at 1, 3), and, seemingly, both Holdings and Communications as a "single employer" (DE 57 at 4-5). Regardless of which entity

Plaintiffs intended to reference through the abbreviation "PCH," the FAC's inconsistent usage of this term makes it difficult if not impossible to discern whether Count I brings a claim against one or both of Holdings and Communications.

Likewise, Count II, brought pursuant to the FLSA, is plead "against all Defendants" but fails to distinguish between Communications and Holdings, instead referring generically to "Defendant" and "Defendants." (DE 20 ¶¶ 70-84, 99-103, 105). Count II's failure to separate Holdings' conduct from Communications' conduct is fatal because—again—the Court cannot distinguish which allegations and claims are directed towards each Defendant.

Given these deficiencies, "the court finds that the complaint as a whole must be amended to satisfy Rule 8(a)." *Pro Image Installers, Inc. v. Dillon*, No. 3:08CV273/MCR/MD, 2009 WL 112953, at *2 (N.D. Fla. Jan. 15, 2009) (dismissing complaint that failed to distinguish between defendants in alleging tort claims); *see also Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8."), *aff'd sub nom. Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675 (11th Cir. 2009). For similar reasons, the Complaint does not plead sufficient facts to satisfy Rule 12(b)(6). Count I fails to state a claim because it is unclear which, if any, of the allegations supporting WARN Act liability about "PCH's" conduct (DE 20 ¶¶ 43, 46-48, 51, 68) refer to Holdings' conduct.[3] Count II fails to state

---

[3] The Court cannot credit Plaintiffs' assertion in response to the motion to dismiss that the FAC abbreviates PCH Holdings as "PCH" (DE 57 at 3), an assertion directly

a claim because the allegations that support FLSA liability (DE 20 ¶¶ 70-84) are directed towards "Defendants" generally, not Holdings specifically. Accordingly, accepting the FAC's allegations as true, the Court cannot reasonably infer that Holdings is liable and Plaintiffs have not stated any plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Consequently, the FAC is dismissed without prejudice pursuant to Rules 8(a) and 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Holdings' motion to dismiss (DE 50) is **GRANTED** and the First Amended Complaint (DE 50) is **DISMISSED**. Plaintiffs shall file any amended complaint consistent with this Order by **October 5, 2016**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 20th day of September, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

contradicted by the FAC's own statement that "PCH" refers to Communications (DE 20 ¶ 4).